**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **GABRIEL RICE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **CASE NO.  1:15-CV-8045-SLB** |
| **vs.** ) | **CRIM. CASE NO. 1:08-CR-0334-SLB-HGD** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**<u>MEMORANDUM OPINION</u>**

This case is presently pending before the court on petitioner Gabriel Rice's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [hereinafter Motion to Vacate].  (Doc. 1; crim. doc. 30; doc. 12.)[1]  Citing Mathis v. United States, 136 S. Ct. 2243 (2016), and Johnson v. United States, 135 S. Ct. 2551 (2015), Rice contends he was improperly sentenced under 18 U.S.C. § 924(c).  Because binding Eleventh Circuit precedent bars Rice's claims on the merits, the court assumes that his Motion to Vacate is timely filed and is not procedurally barred.  For the reasons set forth below, the court finds that Rice's Motion to Vacate is due to be denied.

On August 26, 2008, an Indictment was filed against Rice.  (Crim. Doc. 7.)  The Indictment charged:

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 1:08-CR-0334-SLB-HGD, appear as "(Crim. Doc. __)."  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

## COUNT ONE:  [18 U.S.C. § 2113(a) and (d)]

The Grand Jury charges that:

On or about the 16th day of July, 2008, in Calhoun County, within the Northern District of Alabama, the defendant,

### GABRIEL DEWAYNE RICE,

did knowingly, intentionally, and unlawfully, by force, violence and intimidation take from the person and presence of another, money, that is, approximately $325,168 in United States currency, belonging to and in the care, custody, control, management, and possession of Wachovia Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation (F.D.I.C), and in committing such offense, the defendant did assault and put in jeopardy the life of another person, by the use of a firearm, in violation of Title 18, United States Code, Sections 2113(a) and (d).

## COUNT TWO:  [18 U.S.C. § 924(c)(1)(A)]

The Grand Jury charges that:

On or about the 16th day of July, 2008, in Calhoun County, within the Northern District of Alabama, the defendant,

### GABRIEL DEWAYNE RICE,

did knowingly use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Bank Robbery, as charged in Count One of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THREE:  [18 U.S.C. § 2119]

The Grand Jury charges that:

On or about the 16th day of July, 2008, in Calhoun County, within the Northern District of Alabama, the defendant,

### GABRIEL DEWAYNE RICE,

with the intent to cause death and serious bodily harm, did knowingly take a motor vehicle from the person and presence of another by force and violence and by intimidation, said vehicle being a Nissan Altima, which had been previously transported, shipped, and received in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2119.

**COUNT FOUR:  [18 U.S.C. § 924(c)(1)(A)]**

The Grand Jury charges that:

On or about the 16th day of July, 2008, in Calhoun County, within the Northern District of Alabama, the defendant,

**GABRIEL DEWAYNE RICE**,

did knowingly use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that being, Carjacking, as charged in Count Three of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

(Id.)

Rice signed a Plea Agreement, in which he stipulated the following facts were

"substantially correct":

On July 16, 2008, two black males entered the Wachovia Bank [Footnote], . . . Anniston, Alabama, wearing stockings over their faces [and] displaying handguns.  One of these individuals, the defendant, GABRIEL DEWAYNE RICE, jumped over the bank teller counter and pointed his weapon at bank employees and demanded to know which employee was the bank manager.  He then placed his weapon at the back of the manager's neck and instructed her to open the vault.  The other male also jumped over the counter and was gathering money from various locations near the teller counter.  The defendant filled a pillowcase with money from the vault.  Both individuals exited the bank and fled in a stolen vehicle, a 1992 green Honda Civic.

[Footnote:]  The deposits of the Wachovia Bank were then insured by the FDIC.

3

The defendant and his accomplice drove a short distance from the bank where they abandoned the stolen vehicle in the driveway of a residence. They fled on foot, jumping over fences, and hid underneath a boat and trailer.

Shortly thereafter, the accomplice approached a Nissan Altima, a vehicle which had been manufactured outside of Alabama, which was parked nearby and occupied by two women. The accomplice pointed his weapon at the two women and demanded the women to drive across the street and pick up the defendant. The defendant entered the vehicle carrying the pillowcase containing the stolen currency and while still possessing a firearm. The defendant and his accomplice instructed the women to drive them to the Gadsden, Alabama area. During this time frame, the accomplice told the women that he would kill them if they did not comply with his demands. The defendant and his accomplice jumped out of the vehicle at a rural area near Glencoe, Alabama. The defendant and his accomplice took the victims' cell phone and identification as they fled the vehicle.

The victims then drove to the Glencoe City Hall and reported the crime. Investigators who searched the scene of the abduction in Anniston recovered $20,525 of the stolen bank money next to one of the fences that the defendant and his accomplice had jumped over.

The surveillance camera in the bank captured a clear image [of] the defendant's face during the robbery. This picture was shown to several people who were familiar with the defendant and they positively identified the defendant in the photograph. A federal arrest warrant was then obtained for the defendant.

The defendant was arrested on July 27, 2008, near Cartersville, Georgia. Recovered from the defendant was $26,850 in currency. After being Mirandized, the defendant gave a voluntary statement admitting his involvement in the armed bank robbery and the carjacking.

(Crim. Doc. 13 at 3-5.) As part of his Plea Agreement, the Government dismissed Count

Four of the Indictment. (Id. at 1, Crim. Doc. 25 at 1.)

Rice's plea of guilty to Counts One, Two, and Three was accepted. (Minute Entry,

1:08-CR-0334-SLB-HGD, October 28, 2008.) On September 4, 2009, Rice was sentenced

4

to a custodial sentence of 141 months on each of Counts One and Three, separately, to be served concurrently, and to a custodial sentence of 63 months as to Count Two, to be served consecutive to the sentence for Counts One and Three.  (Crim. Doc. 25 at 2.)  He did not appeal this Judgment.

On November 20, 2015, Rice, who is proceeding pro se, filed the instant Motion to Vacate.  (Crim. Doc. 30; Doc. 1.)  He later supplemented his Motion to Vacate, citing Mathis v. United States, 136 S. Ct. 2243 (2016).  (Doc. 12.)

Rice contends, "[Section] 924(c) is non-existent in light of U.S. v. Johnson. . . . The 924(c) residual clause is the same [as the residual clause of § 924(e)] invalidated in ACCA as of U.S. v. Johnson . . . .  Therefore [the court] lacks subject matter jurisdiction and [Rice's sentence] violates the 6th and 8th Amendments."  (Doc. 1 at 4.)  He contends that the armed bank robbery statute of conviction, 18 U.S.C. § 2113(a) and (d), is indivisible and cannot be considered a crime of violence because bank robbery can be committed without the use of force or violence.  (See doc. 12; doc. 13 at 2-3.)

Section 2113(a) and (d) state:

(a)  Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . .

. . .

Shall be fined under this title or imprisoned not more than twenty years, or both.

5

. . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) . . . of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a), (d)(emphasis added).  In addition to pleading guilty to armed bank robbery, Rice pled guilty to brandishing a firearm in relation to a crime of violence – armed bank robbery charged in Count One – in violation of § 924(c).  This statute states:

(c)(1)(A)  Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence –

. . .

(ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

. . .

(3)  For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(4)  For purposes of this subsection, the term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the

presence of the firearm known to another person, in order to intimidate that
person, regardless of whether the firearm is directly visible to that person.

18 U.S.C. § 924(c)(1), (3)-(4)(emphasis added).

In cases binding on this court, the Eleventh Circuit has established that armed bank

robbery, 18 U.S.C. § 2113(a) and (d), is a crime of violence under the use-of-force clause,

18 U.S.C. § 924(c)(3)(A), and that Johnson, which invalidated the residual clause under the

ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is inapplicable.  The Eleventh Circuit has held:

> As noted, Johnson rendered the residual clause of § 924(e) invalid.  It
> spoke not at all about the validity of the definition of a crime of violence
> found in § 924(c)(3).  Further, our Court has not held that Johnson invalidates
> § 924(c)(3)(B).  However, even were we to extrapolate from the Johnson
> holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would
> not help Hines because his § 924(c) conviction on Count 2 was explicitly
> based on his companion Count 1 conviction for armed bank robbery, in
> violation of 18 U.S.C. § 2113(a) and (d).  And a conviction for armed bank
> robbery clearly meets the requirement for an underlying felony offense, as set
> out in § 924(c)(3)(A), which requires the underlying offense to include as an
> element, "the use, attempted use, or threatened use of physical force against
> the person or property of another."

> Here, Count 1 charged that Hines "by force, violence and intimidation,
> did take from the person or presence of [a teller] monies belong to [a
> federally-insured bank]" and that in doing so, Hines "did assault and put in
> jeopardy the life of [two individuals] by use of a dangerous weapon," all in
> violation of 18 U.S.C. § 2113(a) and (d).  These allegations in the indictment
> mimic the requirements of § 2113 (a) and (d).  The statutory elements that
> these allegations of the indictment repeat clearly meet § 924(c)(3)(A)'s
> requirement that the underlying felony offense must have "as an element the
> use, attempted use, or threatened use of physical force against the person or
> property of another."

> This means that Hines's conviction under § 924(c) would be valid even
> if Johnson renders the "crime of violence" definition in § 924(c)(3)(B)
> unconstitutional.

In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016)(footnotes omitted).

The court finds Rice's claims are indistinguishable from the claims in Hines. Therefore, the court finds that Rice is not entitled to relief from his sentence based on Johnson.  In light of his plea of guilty to Count One of the Indictment, charging armed bank robbery in violation of § 2113(a) and (d), and Count Two, charging brandishing a firearm during a crime of violence, § 924(c), as well as binding Eleventh Circuit caselaw holding that armed bank robbery is a crime of violence under § 924(c)(3)(A), Rice cannot show that his sentence violates the Constitution or laws of the United States.  *See* 28 U.S.C. § 2255(a).

Therefore, his Motion to Vacate based on Johnson will be denied.

Rice also argues that his sentence is due to be vacated based on the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016).  He contends that the armed bank robbery "statute list[s] ways of committing the offense by violence and by fear [or] non-violence [or] intimidation and thus the [S]upreme [C]ourt has not interpreted fear as always causing bodily injury . . . during a robbery. . . .  The predicate or instant offense is outside the scope of 924(e)(2)(b)[2] [the Armed Career Criminal Act or ACCA] because defendant can commit the charge by other means [than] violence."  (Doc. 12 at 1.)

The Mathis decision "articulated how to interpret and apply the ACCA's enumerated crimes provision."   United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016). According to the Eleventh Circuit, "Mathis . . . drove home the point that focusing on the

---

[2]Rice was not sentenced under § 924(e).

elements of the statute of conviction is, and always has been, the essential principle governing ACCA cases:  'For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements.'"  Id.  (quoting Mathis, 136 S. Ct. at 2257).  Rice's sentence was not based on or in any way related to an ACCA sentence enhancement based on the enumerated-crimes clause.

Rice was sentenced under § 924(c) for brandishing a firearm during a crime of violence, armed bank robbery in violation of § 2113(a) and (d).  Applying a categorical approach espoused in Mathis to the armed bank robbery statute and brandishing statute,[3] the court finds, "The statutory elements [of § 2113(a) and (d)] clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Hines, 824 F.3d at 1337.  Rice's argument to the contrary is rejected.

Therefore, his Motion to Vacate based on Mathis will be denied.

---

[3]The court notes that the Third Circuit has held that the categorical approach is not always appropriate in § 924(c) cases.  See United States v. Robinson, No. 15-1402, 2016 WL 7336609, at *4-5 (3d Cir. Dec. 19, 2016)("Because the determination of whether a particular crime qualifies as a 'crime of violence' under § 924(c) depends upon both the predicate offense . . . and the contemporaneous conviction under § 924(c), the § 924(c) conviction will shed light on the means by which the predicate offense was committed. Looking at a contemporaneous conviction allows a court to determine the basis for a defendant's predicate conviction.  The defendant suffers no prejudice because the court is not finding any new facts which are not of record in the case before it. . . . [W]e do not direct courts to speculate as to facts.  The only facts that may support the conclusion that a particular crime is a 'crime of violence' are those that have either been found by the jury or admitted by the defendant in a plea.").  The Eleventh Circuit applies a categorical approach to determine whether the underlying offense is a "crime of violence" for purposes of § 924(c).  United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013).

## CONCLUSION

Based on the foregoing, the Motion to Vacate, as amended, filed by petitioner Gabriel Rice, (crim. doc. 30; doc. 1; doc. 12), is due to be denied.   An Order denying the Motion to Vacate and dismissing Rice's habeas petition will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).   And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2)(emphasis added).   To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Rice's habeas petition is barred by binding Eleventh Circuit precedent; reasonable jurists could not disagree.  Rice has not demonstrated that the issue he raises is reasonably

debatable and/or deserves encouragement to proceed further.   Therefore, issuance of a

certificate of appealability is not warranted in this case.

**DONE** this 24th day of January, 2017.


SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE

11